**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**Gabriele E. Verrocchio,**

      **Plaintiff,**

      vs.                             **MEMORANDUM IN SUPPORT OF**
                                                **MOTION TO EXCLUDE**

**Federal Express Corporation,**         **Case No.: 3:09-cv-01376-TJM-DEP**

      **Defendant.**

---

      Defendant Federal Express Corporation (hereinafter referred to as "FedEx" or "Defendant"), hereby moves the Court pursuant to Fed. R. Evid. 403, Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) to exclude any evidence, testimony, reports, exhibits, questions, statements, references or arguments concerning the "expert" opinions of Alan C. Winship to the extent they are conclusory, legal opinions and to the extent they are merely a conduit for the recitation of expert testimony not properly noticed in this case.

## FACTS

      The scheduling order entered in this case requires all of Plaintiff's experts be disclosed no later than September 13, 2010. (D.E. 16). Plaintiff's expert, Mr. Alan C. Winship, was timely disclosed via the production of his August 20, 2010 vocational evaluation. (Exhibit A, Vocational Evaluation). According to Winship's Curriculum Vitae and his deposition testimony, he is a Mental Health Counselor, a Rehabilitation Counselor, and is licensed in Pain Management. (Exhibit A; Exhibit B, Winship depo. p, 8-11). Winship has not provided testimony in any ADA case in the past four years and acknowledges he is not qualified to provide testimony regarding any legal conclusions in this case. (Exhibit B, Winship depo. p. 8, 12-13; 18-19).

Dr. Winship's deposition was originally scheduled for December 1, 2010. Three business days prior to the scheduled deposition of Winship, Plaintiff produced an "Addendum Report" generated by Winship on November 23, 2010. (Exhibit C, Addendum Report; Exhibit D). Produced for the first time with the Addendum Report was a series of supplemental medical reports from Dr. Bennett, Dr. Crawford, Dr. Kammerman, and Dr. Williams and several job descriptions. (Exhibit D). Each of the new medical reports is dated after November 1, 2010. (Exhibit D). Each of the new medical reports contains the opinions of each doctor in response to a question posed by Plaintiff's counsel in previously unproduced correspondence. (Exhibit D). The Addendum Report created by Winship quotes, cites and relies on these newly produced medical reports and each physician's opinions with respect to Plaintiff's counsel's questions in the correspondence. (Exhibit C). All of the foregoing doctors were or are Plaintiff's treating physicians.[1] None of the physicians has been noticed as an expert to date.

As a result of the receipt of the Addendum Report and new medical records, a status conference was held with Magistrate Judge Peebles on December 2, 2010. The issue of whether Dr. Bennett, Dr. Crawford, Dr. Kammerman and Dr. Williams were now "expert" witnesses based upon their newly generated reports which evaluated documents outside the scope of Plaintiff's treatment was addressed. The Court declined to extend any discovery deadlines that had passed for experts but did extend the deadline for deposing plaintiff's vocational expert based upon the newly produced report. (Exhibit F).

## LAW AND ARGUMENT

**VOCATIONAL EVALUATION CONTAINS BARRED LEGAL CONCLUSIONS**

---

[1] After consultation with Magistrate Judge Peebles on December 2, 2010, copies of the correspondence between Plaintiff's counsel and the treating doctors, which were referenced and relied on in the Addendum Report, were finally produced. (Exhibit E).

2

It is "a well settled rule in th[e Second] Circuit that experts are not permitted to present testimony in the form of legal conclusions." *United States v. Articles of Banned Hazardous Substances, et al.*, 34 F.3d 91, 96 (2nd Cir. 1994)(citing e.g., *Hygh v. Jacobs*, 961 F.2d 359 (2nd Cir. 1992); *United States v. Bilzerian*, 926 F.2d 1285 (2nd Cir), cert. denied, 116 L. Ed. 2d 39, 112 S. Ct. 63 (1991)). "Such testimony 'undertakes to tell the jury what result to reach, and thus attempts to substitute the [witness's] judgment for the jury's.'" *Cameron et al v. City of New York et al.*, 598 F. 3d 50 (2nd Cir. 2010)(citing *Nively v. City of New York*, 414 F.3d 381, 398 (2nd Cir. 2005). See also *Rush Industries, Inc. v. Garnier LLC*, 309 Fed. Appx. 431 (2nd Cir. 2009)(purported expert testimony was almost entirely an application of legal standards and conclusory statements and was therefore inadmissible, even in connection with the motion for summary judgment) .

Winship concluded in his initial vocational report that Plaintiff "is not capable of sustaining gainful employment based on the exertional and nonexertional impairments that Mr. Verrocchio continues to experience." (Ex A, p. 14). This conclusion appears to be within the scope of Winship's expertise.

However, Winship goes on to further comment that "FedEx display[ed] a complete lack of meaningful dialogue with Mr. Verrocchio in an attempt to facilitate a return to work, (Ex. A, p. 15), and that "There was no dialogue with regard to what position or job tasks he would be performing. There was no dialogue entered into with regard to possible accommodations that could be afforded to Mr. Verrocchio." (Ex. A, p. 15). Furthermore, Winship opines, "It is my professional opinion, that Mr. Donnelly and FedEx have demonstrated a lack of meaningful dialogue and serious attempts to resolve the return to work issues that pertained to Mr. Verrocchio during August and September 2007." (Ex. A, p. 16).

These opinions cross the line into expert opinions on a legal issue, whether FedEx engaged in the interactive process with its attempts to accommodate Plaintiff.  See *Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2nd Cir.), cert denied, 531 U.S. 931, 121 S. Ct. 314, 148 L. Ed. 2d 251 (2000)(the ADA "envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated").   Winship admits he did not read any deposition testimony given in the case and has not spoken to a single FedEx employee.  (Ex B, Winship Depo. p. 19-20).  Furthermore, Winship didn't even review the correspondence log between FedEx and Plaintiff.  Winship concedes he is not qualified to render a legal opinion.  (Ex B, Winship Depo. p.8, 18-19).  As such, Winship cannot testify as to whether FedEx complied with ADA standards in its attempts to accommodate Plaintiff.  The foregoing statements should be stricken from his report and any testimony and should not be allowed to be presented to the jury.

**ADDENDUM REPORT- NON DISCLOSURE OF EXPERT TESTIMONY**

The Federal Rules of Civil Procedure require expert witnesses to be disclosed pursuant to Fed. R. Civ. Pro. 26(a)(2).  In general, any witness who will provide testimony pursuant to Fed. R. Evid. 702, 703, or 705 must be disclosed in an additional disclosure to that of a lay witness.  If the expert is one retained or specially employed to provide expert testimony, an additional report is required.  Fed. R. Civ. P. 26(a)(2)(B).  This Report must comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B).   In addition, Fed. R. Civ. P. 26(a)(2)(C) requires all applicable disclosures to be made at the times the court orders.

Fact witnesses cannot provide opinions based upon scientific, technical or other specialized knowledge within the scope of Rule 701. *Bank of China v. NBM LLC*, et al, 359 F. 3d 171, 181-182 (2nd Cir. 2004). To the extent any witnesses' testimony is admitted because of

4

the experience, training or specialized knowledge within the realm of that witnesses expertise, it is expert opinion testimony.  This is true of treating physicians.  "If a treating physician is called upon to review…materials outside the four corners of her medical records and to opine greater than what is reflected in those medical records, we then would be of the view that such treating physician now falls with the parameters of Fed. R. Civ. P. 26(a)(2)(B), and a report is required.  *Lamere v. New York State Office for the Aging,* 223 F.R.D. 85, n. 4 (N.D.N.Y. 2004)(citation omitted).   "[W]hen the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas v. United States of America*, 165 F.R.D. 31 (W.D.N.Y. 1995)   Thus if a party intends to have a treating doctor testify to opinions using his or her specialized knowledge, the disclosure requirements of Fed. R. Civ. Pro. 26(a)(2)(A) must be strictly followed.

      The Second Circuit affirmed the importance of this requirement in *Hutchinson v. Groskin*, 927 F.2d 722 (2nd Cir. 1991).   At trial, the defense expert was asked to consider and comment on opinions expressed by doctors who were not disclosed as experts in the case.  *Id*. at 725.  Defendant's expert testified as to three other doctors' opinions and commented on whether he agreed with their opinions.  *Id*.  The Court noted that two of the three undisclosed doctors based their opinions on records and information supplied solely by counsel.  *Id*.  Because the expert was used as a conduit for hearsay and doctors opinions that were not properly disclosed in the case, the verdict based upon the erroneously admitted testimony was reversed by the Second Circuit.  *Id.*

      The Addendum Report generated by Mr. Winship in this matter is exactly the kind of hearsay conduit barred by the Second Circuit.   Winship's entire Addendum Report is based upon written opinions from Plaintiff's treating physicians which were generated outside the

5

scope of Plaintiff's treatment.  Winship bases his addendum report on treating physicians' evaluations of written job descriptions provided to them by Plaintiff's counsel.  The job descriptions are not FedEx jobs and have never been authenticated or properly identified to date.  Winship recites each doctors' opinion in his report and recounts their opinions as to whether Plaintiff could have performed the jobs had he "been given appropriate accommodations in the workplace."   The particular phrasing was supplied to each of the treating doctors again by Plaintiff's counsel.  (Exhibit E).

Winship's Addendum Report is merely a conduit for hearsay and the undisclosed expert opinions of Plaintiff's treating physicians.   Winship testified these opinions are the basis for his opinions contained in the report. (Exhibit B, Winship Depo. p. 39-42).

The existence of the undisclosed expert witnesses for Plaintiff based on the Addendum Report was addressed with the Court prior to the close of discovery on December 2, 2010.  The Court declined to extend any previously expired deadlines for the disclosure of expert witnesses.

Winship's entire Addendum Report should be excluded from evidence based upon the fact it is entirely based upon undisclosed expert testimony that is inadmissible.   In addition, none of the testimony or opinions of the treating doctors contained in the Addendum Report and their correspondence should be allowed to be presented to the jury.

6

Dated this the 28th day of January, 2010.

                                                      Respectfully submitted,

                                                     _s/Sarah F. Henry_
                                                   Sarah Henry, TN BPR 20797
                                                   Attorney for Defendant
                                                   Federal Express Corporation
                                                   3620 Hacks Cross Road
                                                   Building B, 3rd Floor
                                                   Memphis, TN 38125
                                                   Telephone: (901) 434-3000
                                                   Facsimile: (901) 434-9279
                                                   sarah.henry@fedex.com

                                                   and

                                                   Colby S. Morgan, BPR# 509567
                                                   Attorney for Defendant
                                                   Federal Express Corporation
                                                   111 W. 40th Street, 29th Floor
                                                   New York, New York 10118
                                                   (212) 377-6251 Telephone
                                                   (212) 377-6281 Facsimile
                                                   csmorgan@fedex.com

## CERTIFICATE OF SERVICE

       I hereby certify that on January 28, 2010, I electronically filed the foregoing with the Clerk of District Court using the CM/ECF system, which sent notification of such filing to the following:

Feyi O. Gaji, Esq.
Patrick Kilker, Esq.
Law Offices of Feyi Gaji
36 Oak Street
Binghamton, New York  13901

                                                 _s/Sarah F. Henry_
                                                 Attorney for Defendant