UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GABRIELE E. VERROCCHIO,

                Plaintiff,

    v.                                        3:09-cv-1376

FEDERAL EXPRESS CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Gabriele Verrocchio ("Plaintiff") commenced the instant action against Defendant Federal Express Corporation ("Defendant") asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and for breach of contract. Presently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff failed to file opposition papers.

**I.    FACTS**

The following facts are taken from Defendant's statement of material facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3). Because Plaintiff failed to respond to Defendant's motion, the following facts are deemed to be true. N.D.N.Y.L.R. 7.1(a)(3).

Plaintiff was employed by Defendant from 1983 until 2007. At all times relevant hereto, Plaintiff worked as a courier. To drive a commercial vehicle for Defendant, couriers are required to obtain and maintain a commercial drivers' license. One of the essential functions of the courier position is the ability to lift up to 75 pounds on a daily basis. Another

essential function is the ability to meet the qualification of Section 391 of the Federal Motor Carrier Safety Regulations.  These regulations require, among other things, that there be "no impairment of . . . [a]n arm . . . [that] interferes with the ability to perform normal tasks associated with operating a commercial motor vehicle. . . ."  49 C.F.R. § 391.41(b)(2)(ii).

In December 2006, while working for Defendant, Plaintiff was involved in a motor vehicle accident and was injured.  Since that time, Plaintiff has received workers' compensation benefits.  As a result of the accident, Plaintiff was placed on a medical leave of absence.  Thereafter, Plaintiff attempted to return to work for approximately one month, but was returned to leave status due to his inability to perform the job.

In July 2007, Plaintiff underwent an independent medical evaluation ("IME") in connection with his workers' compensation claim.  The IME physician stated that Plaintiff could not return to his position as a courier, but could return to any available light duty using mainly his right upper extremity.  Plaintiff was then asked to participate in Defendant's Temporary Return to Work ("TRW") program and return to work on light duty.  Plaintiff was instructed to contact the station manager no later than August 28, 2008 to work out a schedule and job duties.  Although Plaintiff knew that participation in TRW was not voluntary and that the failure to participate could result in termination, Plaintiff did not report to TRW.  Plaintiff never asked for any accommodation to perform light duty.

In September 2007, Plaintiff received another letter from Defendant instructing him to participate in the TRW program.  Plaintiff contacted the station manager concerning the type of work to be performed.  Plaintiff also visited his physician concerning his work restrictions.  Plaintiff's treating physician, Dr. Kammerman, confirmed that Plaintiff should not lift more than 15 pounds or stand for more than a half hour or sit for more than an hour.

Plaintiff did not report to TRW duty.  Plaintiff never requested any accommodation from Defendant to perform any light duty or courier functions.  On September 14, 2007, Plaintiff was terminated for his failure to report to his TRW assignment.

At deposition, Plaintiff testified that he could not perform the essential functions of the courier position between the date of the accident and his termination.  Plaintiff also filed for Social Security benefits, claiming to be totally disabled.

## II.     STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Rule 56.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his

pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

## III. DISCUSSION

### a. Whether Plaintiff Was a "Qualified Individual"

To state a claim under the ADA, Plaintiff must prove that: (1) he was disabled within the meaning of the statute; (2) the employer was aware of the disability; (3) he could perform the essential functions of the job with or without reasonable accommodation; and (4) either Plaintiff suffered an adverse employment action or the employer refused to make a reasonable accommodation. DeRosa v. National Envelope Corp., 595 F.3d 99, 102 (2d Cir. 2010). Here, Defendant contends that Plaintiff is unable to demonstrate that he could perform the essential functions of the job with or without reasonable accommodation.

The undisputed record evidence demonstrates that the ability to: (1) lift up to 75 pounds on a daily basis; and (2) comply with the Department of Transportation Regulations were essential functions of the courier job. Plaintiff conceded at deposition that, at all times between the accident and his termination, he was unable to perform the essential functions of the courier job. The IME physician and Plaintiff's treating physician agreed that Plaintiff could not lift up to 75 pounds on a daily basis. Further, as previously noted, the applicable Department of Transportation regulations required that operators of commercial vehicles have no impairment of an arm that interferes with the ability to operate such a vehicle. In his verified Complaint, Plaintiff states that his "right arm was not available for work." Compl. at ¶

33.  It is, thus, clear that Plaintiff could not perform the essential functions of the job without reasonable accommodation.

The next inquiry, then, is whether a reasonable accommodation was available to Plaintiff to allow him to perform the essential functions of the job.  Based on the Complaint, it appears that Plaintiff is contending that Defendant should have permitted him to take a leave of absence of at least thirty months.

The Second Circuit has not addressed whether a finite, unpaid leave of absence is a reasonable accommodation under the ADA.  Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 185 n.5 (2d Cir. 2006).  The Second Circuit has suggested that, if a leave of absence is to qualify as a reasonable accommodation, it must be of finite duration and the leave must be reasonably likely to enable the employee to return to work.  Id. at 185 n.6; see also Graves v. Finch Pruyn & Co., Inc., 353 Fed. Appx. 558, at *2 (2d Cir. 2009) ("We have never expressly held that leaves of absence from an employee's job taken in order to recover from the employee's disability are 'reasonable accommodations' under the ADA.  Even assuming that they can be under certain circumstances, however, they must enable the employee to perform the essential functions of his job. . . . Moreover, the employee must make a showing that the reasonable accommodation would allow him to do so at or around the time at which it is sought.").

Here, there is no evidence that Plaintiff requested additional leave.  Even considering Plaintiff's doctor's notes as requests for additional leave, those notes state that Plaintiff would be out of work through *at least* September 2007.  Compl. at ¶¶ 18, 22.  These notes do not provide sufficient definiteness of duration and similarly do not show that additional leave would enable Plaintiff to perform the essential functions of the job.

"Although a temporally-defined leave of absence may constitute a reasonable accommodation . . . an employer is not required to place an employee on indefinite leave, awaiting the day when the employee might recover sufficiently from his disability to return to work." Danslwer-Hill v,. Rochester Institute of Technology, — F. Supp.2d —, 2011 WL 487848, at *4 (W.D.N.Y. 2011). It is undisputed that, as of at least September 2007, Plaintiff was unable to perform the essential functions of the job. There is nothing in the record tending to suggest that there was any reason to believe that at that time Plaintiff would soon be able to perform the essential functions of the job. In the July 2007 IME report, it was noted that Plaintiff could not then return to work and that his prognosis was "fair." In the September 7, 2007 note from Dr. Kammerman, Plaintiff is noted to "continue[] to have left, greater than right, upper limb pain and worsening right elbow and shoulder pain. . . ." Dr. Kammerman felt Plaintiff should not "be lifting more than 15 pounds or standing for more than a half hour or sitting for more than an hour at a time." Dr. Kammerman felt that Plaintiff was "becoming depressed. . . . He remains marked disability temporarily [sic]. . . . We will re-evaluate him in about four weeks. . . ." Accordingly, to the extent Plaintiff can be found to have requested additional leave as a reasonable accommodation, the Court finds that the request was the equivalent of a request for indefinite leave. Indefinite leave is not a reasonable accommodation. The Court, therefore, finds that Plaintiff has offered insufficient evidence from which a fair minded trier of fact could reasonably conclude that he was able to perform the essential functions of the job with or without reasonable accommodation.

      b.    **Breach of Contract**

Plaintiff also claims that Defendant breached its contract, as stated in the employee handbook and other internal documents, to provide up to thirty months of medical leave.

Defendant moves to dismiss this claim on the ground that there was no contract between Plaintiff and Defendant.

"New York . . . recognize[s] an action for breach of contract when plaintiff can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy in accepting employment." Lobosco v. New York Telephone Company/NYNEX, 96 N.Y.2d 312, 316 (2001). An explicit disclaimer on a contractual relationship will defeat any claim of a contractual relationship. Id.

Here, Defendant's employee handbook explicitly states that it "is not a contract of employment nor should its provisions be read or implied to provide for one. Your employment is at will." In light of the disclaimer in this and other policies issued to Plaintiff by Defendant, Plaintiff cannot reasonably impose an express or implied obligation on Defendant to provide a certain amount of medical leave.[1] Accordingly, the breach of contract claim must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and the Complaint is DISMISSED. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:   March 3, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] The Court further notes that it has been provided no evidence of any policy providing for up to 30 weeks of medical leave.